**RELIFORD, Appellant,**

v.

**UNIVERSITY OF AKRON, Appellee.**

[Cite as *Reliford v. Univ. of Akron* (1991), 81 Ohio App.3d 157.]

Court of Appeals of Ohio,
Summit County.

No. 15045.

Decided Oct. 2, 1991.

*Robert C. Meeker,* for appellant.

*J. Bruce Hunsicker, Linda B. Kersker* and *Deborah K. Urban,* for appellee.

---

CACIOPPO, Judge.

On January 8, 1991, the appellant, Marcus Reliford, pled guilty to burglary in violation of R.C. 2911.12. The events leading up to Reliford's arrest and conviction concerned a break-in and the theft of a television. The burglary occurred near, but not on, the University of Akron campus.

Approximately three weeks after sentencing, Reliford was advised by the University of Akron ("university") that he was being dismissed pursuant to R.C. 3345.23. Reliford filed a declaratory judgment action requesting the trial court to hold that R.C. 3345.23 was unconstitutional, or, in the alternative, that the university had exceeded its authority in dismissing Reliford. The

trial court found the statute to be constitutional and that it was properly applied to Reliford.

Reliford appeals, asserting three assignments of error.

### Assignments of Error

"I. The trial court erred to the prejudice of appellant Reliford when it failed to declare O.R.C. Section 3345.23 unconstitutional.

"II. The trial court erred to the prejudice of appellant Reliford when it failed to declare that O.R.C. Section 3345.23 was unconstitutionally applied to appellant Reliford.

"III. The trial court erred to the prejudice of the appellant, Marcus Reliford, when it failed to rule that O.R.C. Section 3345.23 was incorrectly applied to Reliford's situation."

As these assignments of error are interrelated, they will be addressed together.

■ First, Reliford contends that R.C. 3345.23 is unconstitutionally overbroad and vague. R.C. 3345.23 provides in part:

"(A) The conviction of a student, faculty or staff member, or employee of a college or university which receives any state funds in support thereof, of any offense covered by division (D) of this section, automatically effects his dismissal from such college or university, except as provided in division (E) of this section. * * *

" * * *

"(D) Without limiting the grounds for dismissal, suspension, or other disciplinary action against a student, faculty or staff member, or employee of a college or university which receives any state funds in support thereof, the commission of an offense of violence as defined in division (I)(1) of section 2901.01 of the Revised Code or a substantially equivalent offense under a municipal ordinance, which offense is committed on or affects persons or property on such college or university, or which offense is committed in the immediate vicinity of a college or university with respect to which an emergency has been declared and is in effect pursuant to section 3345.26 of the Revised Code, is cause for dismissal pursuant to this section or for suspension pursuant to section 3345.22 of the Revised Code. * * * *"

Reliford and the university both agree that the applicable standard is set forth in *Dayton Christian Schools v. Ohio Civ. Rights Comm.* (S.D.Ohio 1984), 578 F.Supp. 1004, wherein the court held that the test to be applied is whether the subject statute "forbids or requires the doing of an act in terms

so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application." *Id.* at 1026.

We have reviewed R.C. 3345.23 and do not find it to be constitutionally infirm within the framework set forth in *Dayton, supra.* The language of R.C. 3345.23 clearly advises a person of ordinary intelligence that his conviction of an enumerated offense that affects persons or property on a university will result in dismissal from the institution. Reliford attempts to persuade this court by citing numerous hypothetical situations under which the statute could be arguably applied. These hypothetical situations do not persuade the court, as it is well recognized that a litigant must assert his own rights and interest, and cannot rest his claim to relief on the legal rights and interests of others. *Secy. of State of Maryland v. Munson* (1984), 467 U.S. 947, 955, 104 S.Ct. 2839, 2846, 81 L.Ed.2d 786, 794–795.

■ Second, Reliford contends that R.C. 3345.23 was unconstitutionally applied to him as it was never established that the victim of his crime was a university student.[1] In this vein, Reliford contends that "there is no evidence in the criminal trial transcript or the transcript in the civil proceeding that the person who occupied the home that Reliford was accused of burglarizing was a student at the University." As Reliford has not provided this court with a record of the criminal proceeding, we are unable to assess Reliford's contention as to the criminal proceedings. As to the civil proceeding, however, the trial transcript contains appellee's Exhibit D, a copy of the incident report clearly identifying the victim as a University of Akron student. A further review of the transcript and record of the civil proceeding indicates that Reliford never challenged the victim's status as a student before the trial court. As such, we are unable to assess this argument at this juncture, due to Reliford's failure to bring it before the trial court's attention at a time it could have been properly addressed.

Third, Reliford contends that the statute was improperly applied to his factual situation. The resolution of this argument turns upon the interpretation of the following language in R.C. 3345.23(D):

" * * * the commission of an offense of violence as defined in division (I)(1) of section 2901.01 of the Revised Code or a substantially equivalent offense under a municipal ordinance, which offense is committed on or affects persons or property on such college or university, * * * is cause for dismissal pursuant to this section or for suspension pursuant to section 3345.22 of the Revised Code. * * * "

---

1. Reliford's statement of facts, however, states:
   "The occupant of the home was a University of Akron student."

With regard to this language, we must first determine whether the phrase "which offense is committed on or affects persons or property on such college or university" modifies the phrase concerning offenses of violence as well as the phrase concerning the violation of municipal ordinances. If the answer is in the affirmative, we must then determine whether Reliford's "violent offense" was committed on or affected persons or property on the university.

It is apparent from the construction of R.C. 3345.23(D) that the phrase "which offense is committed on or affects persons or property on such college or university" modifies both the phrase concerning offenses of violence and the phrase concerning violations of municipal ordinances. Furthermore, it is clear that Reliford's burglary affected a person or the university, to wit: a University of Akron student. We refuse to adopt Reliford's narrow interpretation that would render state institutions of higher learning helpless to discipline those whose lawless conduct has an adverse impact on their campus. The plain language of the statute clearly reveals a legislative intent to permit state colleges and universities to deal with crimes perpetrated by students and staff against fellow students and staff members. We cannot overlook this obvious intent in Reliford's case.

Reliford's assignments of error are without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur.